ACCEPTED
03-14-00260-CR
3599727
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/29/2014 11:07:16 AM
JEFFREY D. KYLE
CLERK

**No. 03-14-00260-CR**

In the
Court of Appeals
Of the Third Supreme Judicial District
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/29/2014 11:07:16 AM
JEFFREY D. KYLE
Clerk

---

**FRANK RICCI FLORES,**
Appellant

v.

**The State of Texas,**
Appellee

---

Appeal from the 391st Judicial District Court
Tom Green County, Texas
Cause Number **A-12-0701-SA**

---

**STATE'S BRIEF**

---

**Allison Palmer**
District Attorney
51st Judicial District

**Leland Lacy**
Assistant District Attorney
124 W. Beauregard, Suite B
San Angelo, Texas 76903
(325) 659-6583
(325) 658-6831 FAX
_Leland.lacy@co.tom-green.tx.us_
State Bar No. 24057953

*Oral argument is not requested*

# Table of Contents

Index of Authorities...............................................................................ii

Statement of the Case...........................................................................iii

Statement of Facts .............................................................................. 2

State's Counterpoint One ...................................................................... 3

Summary of the State's Argument........................................................ 4

Argument and Authorities..................................................................... 4

Prayer ................................................................................................... 6

Certificate of Compliance ..................................................................... 7

Certificate of Service ............................................................................ 7

## Index of Authorities

**Cases**

Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App. 2010) .................... 4

*Dewberry v. State*, 4 S.W.3d 735 (Tex. Crim. App. 1999) .................... 5

*Hooper v. State*, 214 S.W.3d 9 (Tex. Crim. App. 2007) ........................ 5

## Statement of the Case

Frank Ricci Flores was indicted on September 12, 2013, for Possession of a Controlled Substance, to-wit heroin less than a gram, enhanced to a Second Degree Felony by two prior convictions. (C.R. p. 7). Flores was found guilty of the indicted charge by a jury on February 25, 2014. (R.R. Vol. 5 p. 60). Flores elected to have the jury assess punishment. (C.R. p. 37). Flores pled "not true" to the enhancements. (R.R. Vol. 6 p. 13). The jury found the enhancements to be true and assessed punishment at 12 years confinement in Texas Department of Criminal Justice Institutional Division and a fine of $5,000.00. (R.R. Vol. 6 pp. 74-75). The Court sentenced the Defendant to that punishment. (R.R. Vol. 6. p. 77). Flores timely filed a Motion for New Trial and Motion in Arrest of Judgment stating that the verdict was contrary to the law and the evidence. (C.R. p. 65). This Motion contained a certification that a copy of the Motion was hand-delivered to the Trial Court. (C.R. p. 66). The Trial Court certified that Flores had the right to appeal. (C.R. p. 43).

**No. 03-14-00260-CR**

In the
Court of Appeals
Of the Third Supreme Judicial District
Austin, Texas

**FRANK RICCI FLORES,**
Appellant

v.

**The State of Texas,**
Appellee

Appeal from the 391st Judicial District Court
Tom Green County, Texas
Cause Number **A-12-0701-SA**

**STATE'S BRIEF**

To the Honorable Third Court of Appeals:

Now comes the State of Texas and files this brief in response to that of the appellant.

1

## Statement of Facts

Flores was stopped for a traffic violation on May 18, 2012, by Officer Ryan Morgan of the San Angelo Police Department in the City of San Angelo, Tom Green County, Texas. (R.R. Vol. 4 p. 18). After Flores stopped his vehicle, he opened the door of the vehicle and exited the vehicle. (R.R. Vol.4 p. 19 lines 13-15). The officer saw two pill bottles in the driver's door. (R.R. Vol. 4 p. 20 lines 21-25). One of the bottles was empty and one contained a small piece of heroin. (R.R. Vol. 4; p. 20 lines 3-6). Flores was taken to the Tom Green County jail and was searched prior to being taken into the jail. (R.R. Vol. 4 pp. 23 line 23 - p. 24 line 1). At this time the Flores was searched and another small amount of heroin was found in the baseball cap that was removed from the Flores' head. (R.R. Vol. 4 p. 24 lines 3-11). Marissa Silva, a chemist with the Texas Department of Public Safety testified that the substance was heroin. (R.R. Vol. 4 p. 54 lines 18-25). Silva also testified that the combined weight of the two separate packages of heroin was .18 grams and would be about the size of two eraser parts of the end of a pencil. (R.R. Vol. 4 p. 58 lines 4-7).

Carlota Menchacha testified that she and the Flores were living together at the time the Defendant was arrested. (R.R. Vol. 5 p. 10 lines 13 - p. 11 line 6). Menchacha further testified that she was in control of the automobile earlier in the day on the day the Flores was arrested. (R.R. Vol. 5 p. 11 lines 8-9). Menchacha testified that the insurance on the vehicle was in her name. (R.R. Vol. 5 p.13 lines 1-9) She testified that she had used the vehicle earlier in the day and had purchased heroin and had left the herion in the car (R.R. Vol. 5 p. 15 line 5 - p. 16 line 20). Specifically Menchacha testified that she left one "paper" of heroin in a pill bottle and one "paper" in a cap. (R.R. Vol. 5 p. 18 lines 18-21). Ms. Menchacha testified that Flores was not aware that the drugs were in the car. (R.R. Vol. 5 p. 18 line 25; p. 19 line 9).

## State's Counterpoint One

The verdict is supported by legally sufficient evidence.

3

## Summary of the Argument

Officer Morgan testified that he found heroin inside a pill bottle in a car under the Appellant's sole care, custody and control. Officer Morgan testified that he found heroin within Appellant's hat during a search at the jail. A chemist with the Midland crime lab testified that the substance was heroin.

## Argument and Authorities

In Texas, evidence to support a verdict is legally sufficient if viewed in a light most favorable to the verdict, the evidence, and all reasonable inferences there from would allow a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895, 916 (Tex. Crim. App. 2010).

Officer Morgan testified at trial that the alleged heroin was found in a pill bottle that was found within the door panel in appellant's car. (R.R. Vol. 4 pp. 20). Officer Morgan testified that when he searched Appellant at the jail another paper of heroin was found in the Appellant's hat. (R.R. Vol. 4 p. 24).

4

When conducting review on appeal, an appellate court is required to defer to the jury's role as the sole judge of witness credibility, and the weight their testimony is to be afforded. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). To find legal sufficiency, "[e]ach fact need not point directly and independently to the guilt of the defendant, as long as the cumulative force of the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Menchacha testified that she had purchased the heroin found in the defendant's hat and the heroin that was found in the pill bottle she had purchased previously. (R.R. Vol. 5 pp. 15-18). Menchaca also testified that she could not remember the name of the person she bought the heroin from or the location of where the heroin was purchased (R.R. Vol. 5 pp. 30-31). Menchacha testified to being a daily heroin user for three years prior to Appellant's arrest for this offense. (R.R. Vol. 5 pp. 30-33). The jury determined that Menchacha's testimony was not credible and did not overcome the other evidence of the appellant's guilt that was presented at trial. The evidence that the Appellant was in exclusive control of the car and the

hat where the officer located the heroin would allow a rational trier of fact to find that Appellant possessed the heroin.

**Prayer**

The State asks this Court to overrule the appellant's points of error and to affirm the trial court's judgment.

Respectfully submitted,

**Allison Palmer**
District Attorney

_____

**Leland Lacy**
Assistant District Attorney
State Bar No. 24057953

6

## Certificate of Compliance

Pursuant to Texas Rule of Appellate Procedure 9.4(i), I hereby certify, based upon the computer program used to generate this brief, that this brief contains 667 words, excluding words contained in those parts of the brief that Rule 9.4(i) exempts from inclusion in the word count. I further certify that this brief is printed in a conventional, 14-point typeface.

_____
**Leland Lacy**

## Certificate of Service

I hereby certify that, on the 22nd day of December, 2014, a true and correct copy of this motion was served, by U.S. mail, electronic mail, facsimile, or electronically through the electronic filing manager, to the appellant's attorney, Thomas W. Watson, Attorney at Law, 2441 S. 1st St, Abilene, TX 79605, **tom@mehaffeyandwatson.com**.

_____
**Leland Lacy**